UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANGELA CARMOUCHE | CIVIL ACTION NO. 6:15-cv-00061 |
| VERSUS | JUDGE DOHERTY |
| VILLA GARDENS LIMITED PARTNERSHIP and VILLA GARDENS HOUSING CORPORATION | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The defendants in this lawsuit, Villa Gardens Limited Partnership and Villa Gardens Housing Corporation (hereinafter collectively referred to as "Villa Gardens"), removed this action from the 15th Judicial District Court, Lafayette Parish, Louisiana, on the basis that the plaintiff's complaint asserts a claim arising under federal law. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[1] In her petition for damages, the plaintiff contends that she was injured when she fell while getting out of a bathtub in her rented apartment. The plaintiff alleges that the defendants are the owners, operators, or managers of the plaintiff's apartment (Rec. Doc. 1-2 at 1) and that they "fail[ed] to abide by the rules of the Americans with Disabilities Act of 1990." (Rec. Doc. 1-2 at 3). The plaintiff also alleges that "[t]he sole and proximate

---

[1] 28 U.S.C. § 1331.

cause of the above described accident is the fault and negligence of defendants" under "Louisiana Civil Code Articles 2315, 2316, 2317, 2317.1, 2320, and all other relevant statutes, ordinances, and codes." (Rec. Doc. 1-2 at 3).

"United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking."[2] The person seeking to invoke federal court jurisdiction has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case.[3] In this case, Villa Gardens must bear that burden. For most forms of federal question jurisdiction, whether the court has jurisdiction can be determined from the face of the pleadings[4] since "[f]ederal question jurisdiction under 28 U.S.C. § 1331 exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[5] In this case, the undersigned is not convinced that an ADA

---

[2] *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

[3] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Boudreaux v. United States*, 53 F.3d 81, 82 (5th Cir. 1995).

[4] *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002).

[5] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (internal quotation marks omitted) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, (1983)).

claim has actually been asserted by the plaintiff. Consequently, the undersigned cannot determine, from the face of the pleadings, whether this Court has subject-matter jurisdiction over this case.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, Villa Gardens shall file a memorandum setting forth specific facts supporting a finding that the plaintiff has stated a valid ADA claim upon which this Court's subject-matter jurisdiction may be based. These facts should be supported with summary-judgment-type evidence. The plaintiff will be allowed seven days to respond to Villa Garden's submission.

Signed at Lafayette, Louisiana, this 6th day of February 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE